IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
BUTTE DIVISION

| | |
|---|---|
| MOONRISE PARTNERS, LLC, a Wyoming Company,<br><br>      Plaintiff,<br><br>vs.<br><br>TOWN OF WEST YELLOWSTONE; MAGGIE ANDERSON, SHELLY THEIMER, JULIE HANNAFORD, NICK HENDRICKSON, TERRY STEWARD [sic STEWART], the MADISON ADDITION ARCHITECTURAL COMMITTEE JOHN OR JANE DOES 1-10,<br><br>      Defendants. | CV-20-16-GF-BMM<br><br>O<small>RDER</small> |

## INTRODUCTION

Defendants Madison Addition Architectural Committee ("MAAC"), Maggie Anderson, Julie Hannaford, Terry Steward, and Shelly Theimer (collectively "MAAC Defendants") have filed a Motion to Dismiss for lack of standing and ripeness. (Doc. 51). Plaintiff Moonrise Partners, LLC ("Moonrise"), opposes this motion. (Doc. 53).

## FACTUAL AND LEGAL BACKGROUND

Moonrise seeks to develop land in the Town of West Yellowstone ("TOWY") for residential purposes. (Doc. 50 at 2). Moonrise owns Tract 1 of the Madison Addition to TOWY, along with Block 2, Lots 1 and 2 ("Moonrise Land"). Moonrise submitted a subdivision application to TOWY for the development of 180 condominium units on Moonrise Land. (*Id.* at 3–4). TOWY's planning and zoning board and planning consultant recommended approval of Moonrise's project, but TOWY postponed the council vote on final approval. (*Id.* at 4). Moonrise met with MAAC to discuss the 180-unit condominium project on February 28, 2019. (*Id.* at 4–5). Moonrise claims that MAAC informally agreed to the proposed ingress and egress points during this initial discussion. (*Id.* at 5).

Approximately a year after TOWY's initial approval recommendation, while still awaiting a final vote on the initial condominium plan, Moonrise amended its development plan to a 416-unit apartment complex. (*Id.* at 5). TOWY provided Moonrise with a zoning permit application packet for the new development plan that required Moonrise to obtain an approval letter from MAAC. (*Id.* at 6). MAAC declined to approve Moonrise's development plan, premising its denial on the placement of a road for egress through Lot 2 on Block 2 and claiming that the proposed development qualified as a commercial project. (*Id.* at 6–7). Moonrise

communicated back and forth with MAAC over the next several months to address MAAC's concerns, but MAAC ultimately stood by its denial. (*Id.* at 6–8).

Moonrise submitted its zoning permit application to TOWY without MAAC's approval and asked TOWY to move MAAC's required approval letter to the end of the zoning permit process. (*Id.* at 8). TOWY counsel Susan Swimley recommended TOWY process Moonrise's application and make MAAC's approval a later part of the permitting process. (*Id.*).

TOWY proceeded to process Moonrise's application, but it did not formally alter the MAAC approval requirement in its written zoning procedures. (*Id.*). TOWY and Moonrise entered into a lengthy series of communication breakdowns over the course of the following eighteen months and, to date, TOWY has yet to complete the process and approve a permit for Moonrise. (*Id.* at 13).

Moonrise brought this case against TOWY, MAAC, and several of their members. (*Id.*). Moonrise asks the Court to declare that MAAC Defendants have acted outside the scope of their authority in denying Moonrise's application. (*Id.*). Moonrise also seeks an order that MAAC Defendants are liable for actual damages and attorney fees and directing MAAC Defendants to issue an approval letter for Moonrise's development plan. (*Id.* at 20).

MAAC Defendants move to dismiss on the grounds that MAAC's declaratory judgment claim conflicts with Moonrise's claim against TOWY that

"delegation of authority from Defendant TOWY to the MAAC defendants is unlawful." (Doc. 52 at 4 (quoting Doc. 50 at ¶ 126)). MAAC Defendants argue that the uncertainty of MAAC's role in TOWY's approval process creates issues of standing and ripeness for Moonrise's declaratory judgment claims. (Doc. 52 at 2).

## LEGAL STANDARDS

MAAC Defendants move to dismiss for lack of subject-matter jurisdiction. Fed. R. Civ. P. 12(b)(1). A party invoking the federal court's jurisdiction has the burden of proving the actual existence of subject matter jurisdiction. *Thompson v. McCombe*, 99 F.3d 352, 353 (9th Cir. 1996). In reviewing a facial attack, like MAAC Defendants' motion, the Court must take the allegations in the plaintiff's complaint as true. *Wolfe v. Strankman*, 392 F.3d 358, 362 (9th Cir. 2004).

## DISCUSSION

MAAC Defendants allege that Moonrise lacks standing to pursue any claim against them and that any potential claims are not yet ripe. (Doc. 52 at 2). Federal courts may decide only "cases" and "controversies." U.S. Const. art. III, § 2. The case or controversy requirement includes the "closely related" concepts of standing and ripeness. *Colwell v. Dep't of Health & Human Servs.*, 558 F.3d 1112, 1121–1123 (9th Cir. 2009). To have standing, a plaintiff must have suffered an injury in fact that is "concrete and particularized;" that can be fairly traced to the defendant's

action; and that can be redressed by a favorable decision of the court. *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560–61 (1992).

"While standing is primarily concerned with who is a proper party to litigate a particular matter, ripeness addresses when litigation may occur." *Lee v. Oregon*, 107 F.3d 1382, 1387 (9th Cir.1997). "[I]n many cases, ripeness coincides squarely with standing's injury in fact prong." *Thomas v. Anchorage Equal Rights Comm'n*, 220 F.3d 1134, 1138 (9th Cir.2000) (en banc). The ripeness inquiry in some cases may therefore "be characterized as standing on a timeline." *Bova v. City of Medford*, 564 F.3d 1093, 1095–96 (9th Cir. 2009). A declaratory judgment action is ripe if the facts alleged show that a substantial controversy exists between parties having adverse legal interests, of sufficient immediacy and reality to warrant the issuance of a declaratory judgment. *United States v. Braren*, 338 F.3d 971, 975 (9th Cir. 2003).

Moonrise argues that MAAC's denial created a "concrete and ongoing" injury by causing their planned project "substantial delay and costs." (Doc. 53 at 6). The delay seems not to arise, however, from MAAC Defendants' alleged actions, but from TOWY's inaction. TOWY controls the zoning permit process, and, therefore, controls when Moonrise may proceed with construction of its planned development. (Doc. 50 at 6). The only role MAAC plays in Moonrise's development plan lies in providing the approval letter that TOWY requires as part

of a complete zoning permit application. (*Id.*). MAAC cannot, by itself, delay Moonrise's planned construction, it can only delay the permitting process and it seems that TOWY has delayed that process all on its own.

    MAAC declined to approve Moonrise's plan in February 2020. (*Id.*). Moonrise attempted to coordinate with MAAC Defendants to address its concerns. When the denial stood, however, Moonrise requested to submit the application to TOWY without MAAC's approval and move the approval requirement to the end of the permitting process. (*Id.* at 6–8). TOWY counsel Susan Swimley recommended that TOWY process the permit application without MAAC's approval letter and Moonrise submitted their proposal on July 30, 2020. (*Id.* at 8). TOWY has failed to complete processing of Moonrise's application since that time, and it does not appear, from Moonrise's Third Amended Complaint, that TOWY has acted on the application in any significant way. (*Id.* at 8–12). The four or five months that Moonrise attempted to negotiate with MAAC in the face of MAAC's denial cannot be said to be responsible for TOWY's nearly two-year delay in processing the application once received.

    Moonrise argues that its application to TOWY without MAAC's approval acted "to mitigate damages," but did not erase the injury MAAC caused because "TOWY has never formally agreed to waive MAAC's approval letter until the end of the permitting process." (Doc. 53 at 7). TOWY's actions, as described in

Moonrise's Complaint, undercut this argument. TOWY may not have revised its written procedures, but TOWY's counsel explicitly advised TOWY to accept the application without MAAC's approval. (Doc. 50 at 8).

TOWY accepted the application shortly thereafter and never again mentioned the absence of MAAC's approval letter, despite TOWY requesting other addendums to the application throughout the process. (*Id.* at 9). TOWY advised Moonrise that its application was missing attachments referenced in the transmittal letter, "legal descriptions of the parcels," and additional copies of the documents. (*Id.* at 9–10). TOWY's counsel advised Moonrise that receipt of these additional documents would "keep the project moving forward." (*Id.*). TOWY's failure to follow up on MAAC's approval letter during the permitting process indicates that MAAC's approval, unlike the other documents requested by TOWY and its counsel, was not required to "keep the project moving forward."

Moonrise's argument that TOWY *could* request documentation of MAAC's approval before the end of the process, despite TOWY's counsel's statements to the contrary, proves speculative in light of TOWY's prior conduct. "Allegations of *possible* future injury are not sufficient" to establish an injury in fact for purposes of Article III's case or controversy requirement. *Coons v. Lew*, 762 F.3d 891, 897 (9th Cir. 2014), as amended (Sept. 2, 2014) (emphasis in original).

7

To allow Moonrise's declaratory judgment action to proceed against MAAC Defendants at this time would also raise prudential concerns. MAAC Defendants may have caused injury to Moonrise if TOWY had refused to accept Moonrise's application without MAAC's approval letter, but that did not happen. TOWY agreed to move MAAC's approval requirement to the end of the permitting process. (Doc. 50 at 8). Moonrise's planned project must overcome several hurdles and may well undergo modification before MAAC needs to issue its approval. *See* (Doc. 52 at 12).

TOWY's permitting process includes not only TOWY's internal review of Moonrise's application, but a statutorily required public hearing on the planned development. Mont. Code Ann. § 76-3-605. Moonrise must also cope with an ongoing water/sewer moratorium that will hinder any development until lifted. (Doc. 52 at 12). MAAC Defendants need not act on Moonrise's development plan until all of these issues have been resolved. This indeterminate series of events indicates that Moonrise's claim lacks the "sufficient immediacy and reality" necessary for the Court to issue a declaratory judgment. *United States v. Braren*, 338 F.3d 971, 975 (9th Cir. 2003).

Moonrise has not yet sustained an injury-in-fact as a result of MAAC Defendants' actions and the threat of future injury remains speculative. *Coons v. Lew*, 762 F.3d 891, 897 (9th Cir. 2014). Moonrise's claim against MAAC

Defendants lacks ripeness. The Court dismisses without prejudice Moonrise's claims against MAAC Defendants.

## ORDER

Accordingly, **IT IS ORDERED** that Defendants' Motion to Dismiss Without Prejudice (Doc. 51) is **GRANTED.**

Dated this 11th day of May, 2022.

_____
Brian Morris, Chief District Judge
United States District Court