IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
BUTTE DIVISION

| | |
|---|---|
| MOONRISE PARTNERS, LLC, a Wyoming Company,<br><br>　　　　　　　Plaintiff,<br><br>vs.<br><br>TOWN OF WEST YELLOWSTONE; MAGGIE ANDERSON, SHELLY THEIMER, JULIE HANNAFORD, NICK HENDRICKSON, TERRY STEWARD [sic STEWART], the MADISON ADDITION ARCHITECTURAL COMMITTEE JOHN OR JANE DOES 1-10,<br><br>　　　　　　　Defendants. | CV-20-16-BU-BMM<br><br>O<small>RDER</small> |

## INTRODUCTION

Defendants Madison Addition Architectural Committee ("MAAC"), Maggie Anderson, Julie Hannaford, Terry Steward, and Shelly Theimer (collectively "MAAC Defendants") have filed a Motion for Attorney Fees. (Doc. 70.) Plaintiff Moonrise Partners, LLC ("Moonrise"), opposes this motion. (Doc. 73.)

## FACTUAL AND LEGAL BACKGROUND

Moonrise seeks to develop land in the Town of West Yellowstone ("TOWY") for residential purposes. (Doc. 50 at 2.) TOWY required Moonrise to

obtain an approval letter from MAAC for the proposed development as a part of its zoning permit application packet. (*Id.* at 6.) MAAC declined to approve Moonrise's development plan, premising its denial on the placement of a road for egress through Lot 2 on Block 2 and claiming that the proposed development qualified as a commercial project. (*Id.* at 6–7.) Moonrise communicated back and forth with MAAC over the next several months to address MAAC's concerns, but MAAC ultimately stood by its denial. (*Id.* at 6–8.)

Moonrise submitted its zoning permit application to TOWY without MAAC's approval and asked TOWY to move MAAC's required approval letter to the end of the zoning permit process. (*Id.* at 8.) TOWY counsel Susan Swimley recommended TOWY process Moonrise's application and make MAAC's approval a later part of the permitting process. (*Id.*) TOWY proceeded to process Moonrise's application, but it did not formally alter the MAAC approval requirement in its written zoning procedures. (*Id.*) TOWY and Moonrise entered into a lengthy series of communication breakdowns over the course of the following eighteen months and, to date, TOWY has yet to complete the process and approve a permit for Moonrise. (*Id.* at 13.)

Moonrise brought this case against TOWY, MAAC, and several of their members. (Doc. 9.) MAAC Defendants moved to dismiss on the grounds that the uncertainty of MAAC's role in TOWY's approval process creates issues of

standing and ripeness for Moonrise's declaratory judgment claims. (Doc. 51.) The Court granted MAAC Defendants' motion on May 11, 2022, and dismissed MAAC Defendants from this lawsuit without prejudice. (Doc. 68 at 9.) MAAC Defendants moved for attorney fees on May 25, 2022, in light of the Court's order granting their motion to dismiss. (Doc. 70.)

## LEGAL STANDARD

When a federal court is sitting in diversity the question of whether a party is entitled to attorney fees is governed by state law. *Riordan v. State Farm Mut. Auto. Ins. Co.*, 589 F.3d 999, 1004 (9th Cir. 2009). Montana law generally prohibits awarding attorney fees to the prevailing party in a lawsuit unless statutory or contractual authority supports it. *Sullivan v. Cherewick*, 391 P.3d 62 (Mont. 2017). District courts may exercise discretion in determining whether to award legally authorized attorney fees, unless a contract requires an award of fees, in which case a district court lacks discretion to deny the request if the terms of the contract have been met. *Lewis & Clark Cnty. v. Wirth*, 510 P.3d 1206, 1212 (Mont. 2022).

## DISCUSSION

An award of attorney fees may only be granted to the prevailing party, meaning "the one who has an affirmative judgment rendered in his favor at the conclusion of the entire case." *Id.* at 1217. Whether a prevailing party exists depends on a "consideration of all the facts and circumstances of a case. *Heringer*

*v. Barnegat Dev. Grp., LLC*, 485 P.3d 731, 739 (Mont. 2021). The Court determines what constitutes a "prevailing party" for purposes of granting attorney fees, because the district court is best positioned to understand the circumstances of the case and the parties' positions. *Id.*

Moonrise opposes the award of attorney fees on the grounds that the Court's dismissal without prejudice fails to constitute a merits decision, and thus MAAC Defendants are not a "prevailing party." (Doc. 72 at 5.) A party is not entitled to a judgment for attorney fees, as a general rule, without a final decision on the merits of the underlying controversy in its favor. *Citizens for Balanced Use v. Montana Fish, Wildlife & Parks Comm'n*, 331 P.3d 844, 847 (Mont. 2014). The Court may, in its discretion and "under limited circumstances," grant an award of attorney fees to a party who did not obtain an affirmative judgment on the merits but nonetheless obtained the "very relief it sought to procure through litigation." *Heringer*, 485 P.3d at 739.

MAAC Defendants analogize their case with that of *Petritz v. Albertson, Inc.*, in which the district court awarded attorney fees to the defendant after granting the plaintiff's voluntary motion to dismiss without prejudice. *Petritz v. Albertson, Inc.*, 608 P.2d 1089, 1093 (Mont. 1980). The Court first notes that *Petritz* predates several more recent Montana Supreme Court decisions that provide more specific guidance regarding when attorney fees should be awarded in

4

the absence of a final decision on the merits. *See, e.g.*, *Heringer v. Barnegat Dev. Grp., LLC*, 485 P.3d 731 (Mont. 2021); *Citizens for Balanced Use v. Montana Fish, Wildlife & Parks Com'n*, 331 P.3d 844 (Mont. 2014). *Petritz's* factual differences from the present case further limits its usefulness. In *Petritz*, the plaintiff voluntarily moved to dismiss without prejudice only a day before trial. *Petritz v. Albertsons, Inc.*, 608 P.2d 1089, 1094 (1980). The district court granted the plaintiff's motion because the plaintiff had identified new witnesses who she asserted "would support an additional theory of liability." *Id.* at 1091. The defendant received attorney fees to cure the "substantial prejudice" incurred by the defendant as a result of the late nature of plaintiff's motion. *Id.* at 1093-94.

  The Court's order dismissing Moonrise's claims against MAAC Defendants as unripe bears very little resemblance to the situation in *Petritz*. MAAC Defendants themselves moved to dismiss, rather than Moonrise voluntarily abandoning their claims. *See* (Doc. 51.) MAAC Defendants' motion also came in the middle of a lengthy stay in the case, rather than on the eve of trial, eliminating much of the prejudice that motivated the district court's award of attorney fees in *Petritz*. *See Petritz,* 608 P.2d at 1094 (awarding attorney fees "in view of the lateness of plaintiff's motion for dismissal, and the extensive preparation on the part of the defense"). Finally, the district court granted the plaintiff's voluntary motion to dismiss in *Petritz* based on the plaintiff's express intention to proceed

5

under a different theory of liability upon refiling. *Id.* at 1091. The Court dismissed Moonrise's claims on the basis that they were not yet ripe, not on the basis that Moonrise's claims had changed. *See* (Doc. 68.)

The reason for dismissal in *Petritz* aligns with more recent Montana Supreme Court precedent that indicates attorney fees may be appropriate when a party "prevails in substance, albeit without court intervention." *Havre Daily News, LLC v. City of Havre*, 142 P.3d 864, 878 (Mont. 2006). In *Havre Daily News*, for instance, the Court granted attorney fees to the plaintiff—the Havre Daily News—because the City mooted the case by voluntarily surrendering the unredacted police reports the newspaper sought to gain through litigation. *Id.* Moonrise's claims against MAAC Defendants, unlike the claims in *Havre Daily News*, are unripe rather than moot. (Doc. 68 at 8.) MAAC Defendants have not "prevailed in substance," because the issues presented by Moonrise's Complaint remain unresolved.

Moonrise's claims arise out of MAAC Defendants denying their approval for Moonrise's proposed land development project. *See generally* (Doc. 23.) Moonrise asked the Court to declare MAAC Defendants' review of the project "improper and ultimately unlawful." (*Id.* at ¶35(c).) The Court determined that Moonrise's claims lacked "sufficient immediacy and reality," until TOWY completed the other steps of the permitting process. (Doc. 68 at 8.) The Court

made no determination, however, as to the merits of Moonrise's declaratory judgment claim. (*Id.*) MAAC Defendants still have the ability to bring these exact claims again, once they are ripe. The Court did not, by virtue of its Order, grant MAAC Defendants the "very relief it sought to procure through litigation." *Heringer*, 485 P.3d at 739. The Court therefore declines to grant MAAC Defendants attorney fees.

## ORDER

Accordingly, **IT IS ORDERED** that:

1. Defendants' Motion for Attorney Fees (Doc. 70) is **DENIED**.

Dated this 25th day of July, 2022.

*[signature: Brian Morris]*

Brian Morris, Chief District Judge
United States District Court